Adrian M. Pruetz (Bar No. 118215)
ampruetz@pruetzlaw.com
Erica J. Pruetz (Bar No. 227712)
ejpruetz@pruetzlaw.com
Charles C. Koole (Bar No. 259997)
cckoole@pruetzlaw.com
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Telephone: (310) 765-7650
Facsimile: (310) 765-7641

Of Counsel:

Holmes J. Hawkins III (Ga. Bar No. 338681)
hhawkins@kslaw.com
Thomas C. Lundin Jr. (Ga. Bar No. 461141)
tlundin@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5134

Attorneys for Defendant and Counterclaim Plaintiff
EASYLINK SERVICES INTERNATIONAL CORPORATION

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| Advanced Messaging Technologies, Inc., <br><br> Plaintiff, <br><br> v. <br><br> EasyLink Services International Corporation, <br><br> Defendant. | Case No. 11-cv-04239-DDP (AJWx) <br><br> **DEFENDANT EASYLINK SERVICES INTERNATIONAL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> **[DEMAND FOR JURY TRIAL]** |

DEFENDANT EASYLINK SERVICES INTERNATIONAL CORPORATION ("EasyLink"), in accordance with Rules 8 and 12 of the Federal Rules of Civil Procedure, and by and through its undersigned counsel, hereby makes and files this Answer to the Complaint For Patent Infringement (the "Complaint") filed by Plaintiff ADVANCED MESSAGING TECHNOLOGIES, INC. ("AMT"). EasyLink denies each and every allegation and characterization set forth in the Complaint unless expressly admitted herein. EasyLink responds to each numbered paragraph of the Complaint as follows:

## I.
## THE PARTIES

1. EasyLink is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, on that basis, denies said allegations.

2. EasyLink admits that it is a corporation organized under the laws of the state of Delaware; that its corporate headquarters are located at 6025 The Corners Parkway, Suite 100, Norcross, Georgia 30092; and that it offers, among other things, messaging services to users in this judicial district. EasyLink is without knowledge or information concerning AMT's use and interpretation of certain terms in the remaining allegations of Paragraph 2 of the Complaint sufficient to form a basis as to the truth of said allegations and, on that basis, denies said allegations.

## II.
## JURISDICTION AND VENUE

3. EasyLink admits that AMT's Complaint purports to set forth a cause of action for patent infringement arising under the patent laws of the United States and that, accordingly, this Court has jurisdiction over the subject matter of the alleged cause of action; and denies that AMT has a valid cause of action against EasyLink.

4. EasyLink admits that this Court has personal jurisdiction over EasyLink; denies that it engages in activities that result in infringement of any patent rights alleged to be owned by AMT in the Complaint; denies any allegations not expressly admitted in Paragraph 2 hereof that are purportedly incorporated by reference to Paragraph 2 of the Complaint; and is without knowledge or information concerning AMT's use and interpretation of certain terms in the remaining allegations of Paragraph 4 of the Complaint sufficient to form a basis as to the truth of said allegations and, on that basis, denies said allegations.

5. EasyLink admits that venue in this judicial district is proper under 28 U.S.C. § 1391(c). EasyLink denies that this district is the proper forum for this action, and reserves the right to file a motion to transfer pursuant to 28 U.S.C. § 1404.

## III.

## <u>CAUSE OF ACTION</u>

## <u>INFRINGEMENT OF U.S. PATENT NO. 6,350,066</u>

6. EasyLink repeats, realleges, and incorporates by reference its responses to the allegations of paragraphs 1 through 5 above, as if fully set forth herein.

7. EasyLink admits that a copy of United States Patent No. 6,350,066 ("the '066 Patent") is attached as some portion of Exhibit A to the Complaint[1]; admits that what appears to be the front page of the '066 Patent indicates that the '066 Patent is entitled "Systems and Methods for Storing, Delivering, and Managing Messages," was issued on February 26, 2002, and identifies Charles R. Bobo, II as the inventor; and admits that an Ex Parte Reexamination Certificate is attached as page 46 of Exhibit A to the Complaint, which indicates that said certificate was issued on May 5, 2009. EasyLink is without knowledge or information sufficient to

---

[1] What appears to be the front page of the '066 Patent is numbered as page 7 of Exhibit A. The copy of the Complaint that was served upon EasyLink is missing pages 1-6 of Exhibit A.

form a belief as to the truth of the remaining allegations of Paragraph 7 and, on that basis, denies said allegations.

8. EasyLink is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, on that basis, denies said allegations.

9. EasyLink admits that it markets and sells a service named Fax2Mail; denies that EasyLink has committed any acts of patent infringement, whether direct, indirect, or contributory; and denies the remaining allegations of Paragraph 9 of the Complaint.

10. EasyLink is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, on that basis, denies said allegations.

11. EasyLink denies the allegations of Paragraph 11 of the Complaint.

12. EasyLink denies the allegations of Paragraph 12 of the Complaint.

13. EasyLink admits having received notice of the '066 Patent and denies the remaining allegations of Paragraph 13 of the Complaint.

## IV.
## PRAYER FOR RELIEF

EasyLink denies the averments that underlie AMT's Prayer For Relief; denies that AMT is entitled to any of the forms of relief set forth in AMT's Prayer For Relief, or any relief whatsoever; and requests that the Court deny any relief to AMT and enter judgment in favor of EasyLink.

## V.
## DEMAND FOR JURY TRIAL

EasyLink denies that AMT is entitled to a trial by jury except as permitted by law.

# VI.
# DEFENSES

Without assuming any burden that it would not otherwise have, Defendant asserts the following defenses:

## FIRST DEFENSE

The Complaint fails to state a claim against EasyLink upon which relief can be granted.

## SECOND DEFENSE

EasyLink has not directly infringed, contributorily infringed, or induced the infringement of any valid claim of the '066 Patent, either literally or under the doctrine of equivalents.

## THIRD DEFENSE

Upon information or belief, the '066 Patent is invalid on the grounds that the purported inventions attempted to be patented therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE

Upon information or belief, AMT's claims are barred by the doctrines of latches, waiver, estoppel, acquiescence, unclean hands, and/or license.

## FIFTH DEFENSE

AMT's claims for injunctive relief should be dismissed because AMT can obtain an adequate remedy at law.

## SIXTH DEFENSE

EasyLink hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case and hereby reserves its right to amend its Answer to assert any such defense.

DEFENDANT EASYLINK SERVICES INTERNATIONAL CORPORATION'S
ANSWER TO PLAINTIFF'S COMPLAINT

EasyLink denies each and every allegation of AMT's Complaint not expressly admitted or otherwise specifically responded to above. EasyLink further denies that AMT is entitled to any relief whatsoever against EasyLink.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered AMT's Complaint, as set forth above, EasyLink respectfully prays that:

A. AMT take nothing by way of its Complaint;

B. AMT's Complaint be dismissed with prejudice;

C. EasyLink be awarded its costs and expenses, including attorneys' fees, as permitted by applicable law; and

D. EasyLink be awarded such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

EasyLink demands a trial by jury on all issues so triable as a matter of right and law.

Respectfully submitted, this 14th day of July, 2011.

/s/ Adrian M. Pruetz
Adrian M. Pruetz (Bar No. 118215)
ampruetz@pruetzlaw.com
Erica J. Pruetz (Bar No. 227712)
ejpruetz@pruetzlaw.com
Charles C. Koole (Bar No. 259997)
cckoole@pruetzlaw.com
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Telephone: (310) 765-7650
Facsimile: (310) 765-7641

Of Counsel:

|   |   |
|---|---|
| 1 |   |
| 2 | Holmes J. Hawkins III (Ga. Bar No. 338681) |
|   | hhawkins@kslaw.com |
| 3 | Thomas C. Lundin Jr. (Ga. Bar No. 461141) |
|   | tlundin@kslaw.com |
| 4 | KING & SPALDING LLP |
| 5 | 1180 Peachtree Street, N.E. |
|   | Atlanta, Georgia 30309-3521 |
| 6 | Telephone:  (404) 572-4600 |
| 7 | Facsimile:  (404) 572-5134 |
| 8 |   |
|   | *Attorneys for Defendant and Counterclaim-* |
| 9 | *Plaintiff Easylink Services International* |
|   | *Corporation* |