Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.:  (310) 712-6600
Fax:  (310) 712-8800

*Attorneys for Plaintiff Advanced Messaging Technologies, Inc..*

[*Additional Counsel on Signature Page*]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MESSAGING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> EASYLINK SERVICES INTERNATIONAL CORPORATION, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM | Case No. 2:11-CV-04239 DDP (AJWx) <br><br> **JOINT RULE 26(f) REPORT FOR SCHEDULING CONFERENCE** <br><br> Date: October 17, 2011 <br> Time: 3:30 p.m. <br> Ctrm: 3 |

Plaintiff and Counterclaim-Defendant Advanced Messaging Technologies, Inc. ("AMT") and Defendant and Counterclaimant EasyLink Services International Corporation ("EasyLink") submit the following Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and C.D. Cal. Local Rule 26-1.

**I.     Case Synopsis**

AMT filed this action in the United States District Court for the Central District of California on May 17, 2011. AMT alleges infringement of U.S. Patent Number 6,350,066 (the "'066 Patent"), seeking damages, injunctive relief, and attorneys' fees.

On July 14, 2011, EasyLink denied the material allegations set forth in AMT's complaint and asserted affirmative defenses. EasyLink also asserted counterclaims seeking declaratory judgments of non-infringement and invalidity as to the '066 Patent, as well as attorneys' fees.

**II.    MDL Motion**

**Defendant's Statement:**

On August 24, 2011, Facebook, Inc. and LinkedIn Corp., defendants in the action *Unified Messaging Solutions LLC v. Facebook, Inc. et al.*, No. 6:11-cv-00120-LED (E.D. Texas), filed with the United States Judicial Panel on Multidistrict Litigation ("the MDL panel"), *In re Bobo Patent Litigation*, MDL No. 2297, a motion for transfer and coordination of pretrial proceedings for the *Unified Messaging* action with this Action and six other actions pending before this Court, all brought by j2 Global Corporation or its subsidiaries AMT or Unified Messaging and all asserting either the '066 patent or patents in the same family as, sharing the same specification as, and claiming priority to, the '066 patent.[1] On September 13, 2011, Easylink filed with the MDL panel a response in support of and joinder in the

---

[1] On September 7, 2011, after Facebook filed its motion, Unified Messaging filed another Bobo patent action in the Eastern District of Texas, *Unified Messaging Solutions LLC v. Google Inc. et al.*, 6:11-cv-00464-LED (E.D. Texas).

JOINT RULE 26(F) REPORT FOR
SCHEDULING CONFERENCE

Facebook motion. The motion for coordination is pending before the MDL panel.

Easylink respectfully requests that this Court stay discovery in this Action until the MDL panel decides the pending motion to transfer and coordinate pretrial proceedings. As noted in the Facebook motion and EasyLink's joinder, the *Unified Messaging* action and the related '066 patent actions pending before this Court will share common questions of fact concerning the Bobo patents, including issues concerning invalidity, ownership, inventorship, and like issues. Thus, substantial commonality and overlap of fact discovery can be expected. Further, whichever court construes the claims of the Bobo patents will need to interpret many similar, if not identical, claim terms. And j2 Global, AMT's parent, admitted to the MDL panel that this Court "has seven years' experience with the patents in suit." (MDL Dkt. No. 1-1 at 3-6.) If the motion for coordination is granted, this Court will be able to enter a case management and scheduling order placing all of the coordinated actions on the same discovery track and thereby avoid wasteful duplication of effort for the Court and the parties in this Action.

**Plaintiff's Statement:**

AMT opposes a stay of discovery. *First*, if EasyLink would like a stay of discovery—which formally began on September 26, 2011 when the parties held their Rule 26(f) conference—it must make a properly noticed motion. EasyLink's attempt to instead raise the issue in a status report is procedurally improper, as is EasyLink's irrelevant argument concerning the merits of the MDL motion, which is not before this Court and, in any event, should not be argued in a Rule 26(f) Report.

*Second*, the prospect that two cases may be transferred to this Court from Texas does not warrant a stay of discovery. The only discovery that AMT presently contemplates is written discovery to EasyLink regarding information about EasyLink, such as financial and technical information. That discovery does not need to be coordinated with other cases involving different parties, and there is nothing to be gained by delaying it.

**III. Changes in Timing, Form or Requirements for Initial Disclosures. [Rule 26(f)(3)(A)]**

The parties do not contemplate any changes to the form or requirements for their disclosures under Fed. R. Civ. P. 26(a)(1), and will exchange initial disclosures according to Fed. R. Civ. P. 26(a)(1)(C).

**IV. Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited To or Focused on Particular Issues. [Rule 26(f)(3)(B)]**

  **A. Subjects on Which Discovery May Be Needed and Whether Discovery Should Be Limited To or Focused On Particular Issues.**

The parties are presently unsure of all of the subjects on which discovery may be needed. The parties expect to require discovery on issues of patent infringement, willful patent infringement, patent validity and enforceability, and patent damages, including, but not limited to, technical information and documentation on which parties may rely to support or rebut infringement contentions; information and documentation on which parties may rely to support or rebut willfulness contentions; prior art and other documents on which parties may rely to support or rebut invalidity contentions; and financial information on which parties may rely to support or rebut damages contentions.

  **B. When Discovery Should Be Completed and Whether Discovery Should Be Conducted in Phases.**

**Plaintiff's Statement:**

As noted in Part II above, AMT opposes a stay of discovery and respectfully requests that the Court enter the agreed-upon schedule set forth below.

**Defendant's Statement:**

As noted in Part II, above, EasyLink requests that discovery in this action be stayed temporarily until ruling on the motion for coordination currently pending before the MDL panel. EasyLink expects that the MDL panel would take up the motion and issue a ruling by December 2011. Staying discovery in this

- 3 -     JOINT RULE 26(F) REPORT FOR SCHEDULING CONFERENCE

001\1739971.2
DMSLIBRARY01-17398144.1

Action for that short period would not prejudice AMT.

**Joint Statement:**

The parties contemplate separate deadlines for completing fact discovery and expert discovery.

The parties' proposed schedule, subject to EasyLink's request that discovery temporarily be stayed until ruling on the motion for coordination pending before the MDL panel, is as follows:

| | |
|---|---|
| Initial Disclosures Due | October 10, 2011 |
| Plaintiff Proffers Infringement Contentions | October 31, 2011 |
| Defendant Proffers Invalidity Contentions | December 5, 2011 |
| Opening Markman Briefs Due (simultaneous filing by both parties) | February 13, 2012 |
| Reply Markman Briefs Due (simultaneous filing by both parties) | March 9, 2012 |
| *Markman* Hearing | March 23, 2012 |
| Fact Discovery Cutoff | September 24, 2012 |
| Rule 26 expert disclosures due on issues which parties have burden of proof | October 15, 2012 |
| Rule 26 disclosures for rebuttal experts | November 12, 2012 |
| Expert Discovery Cutoff | December 3, 2012 |
| Deadline for Filing Summary Judgment Motions | December 31, 2012 |
| Oppositions to Summary Judgment Due | January 21, 2013 |
| Replies for Summary Judgment Due | February 4, 2013 |
| Summary Judgment Hearing | February 18, 2013 |
| Final Pretrial Conference | February 22, 2013 |
| Trial Begins | On or after March 11, 2013 |

- 4 -

JOINT RULE 26(F) REPORT FOR SCHEDULING CONFERENCE

001\1739971.2
DMSLIBRARY01-17398144.1

**V.    Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which It Should Be Produced.  [Rule 26(f)(3)(C)]**

To the extent disclosure of electronically stored information is necessary, the parties intend to cooperate to ensure that any such disclosure is in a form easily usable by the receiving party.

**VI.    Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials.  [Rule 26(f)(3)(D)]**

The parties agree that a protective order will be necessary to protect proprietary, trade secret, or other confidential information and documentation that will be produced by the parties and possibly third parties or otherwise disclosed in proceedings before the Court.  The parties will cooperate in an effort to promptly provide a stipulated proposed protective order for the consideration of the Magistrate Judge.

**VII.    What Changes Should Be Made in the Discovery Limits and What Other Limitations Should Be Imposed.  [Rule 26(f)(3)(E)]**

The parties have agreed that at this time it is not necessary to alter the presumptive limit on the number of interrogatories and depositions as contemplated by the Federal Rules of Civil Procedure.  However, the parties recognize that this position may change as new facts are discovered.

**VIII.    Any Other Orders the Court Should Issue Under Rule 26(c) or Under Rule 16(b) or (c).  [Rule 26(f)(3)(F)]**

The parties do not request any additional orders from the Court at this time.

**IX.    Whether The Case Is Complex.  [L.R. 26-1(a)]**

The parties agree that the procedures in the Manual for Complex Litigation are neither appropriate nor necessary for this matter.

**X.   The Dispositive or Partially Dispositive Motions That Are Likely To Be Made, and a Cutoff Date by Which All Such Motions Shall Be Made. [L.R. 26-1(b)]**

The parties presently are unsure as to what dispositive or partially dispositive motions, if any, they will make. The parties' proposals for a cutoff date are set forth as part of the schedule in Part III, *supra*.

**XI.  The Likelihood of Settlement, Whether Settlement Discussions Have Taken Place or Are Scheduled, and Which Mandatory Settlement Procedure Should Be Utilized Under L.R. 16-14. [L.R. 26-1(c)]**

The parties are not currently engaged in settlement discussions. [The parties have agreed to Settlement Procedure No. 3 set forth in Local Rule 16-15.4].

**XII. Preliminary Estimate of Time Required for Trial. [L.R. 26-1(d)]**

The parties preliminarily estimate that the trial will take one week.

**XIII. Likelihood of Appearance of Additional Parties. [L.R. 26-1(e)]**

The parties do not presently contemplate adding any other parties to this action. However, as discovery may reveal other entities involved in the activities forming the basis of the patent infringement alleged in AMT's claim, the parties reserve this question until after discovery is completed.

/ / /

/ / /

**XIV. The Proposed Timing of Expert Disclosures.  [L.R. 26-1(f)]**

The parties' proposals for the timing of expert disclosures are set forth as part of the schedule in Part III, *supra*.

Dated: Oct. 10, 2011                Respectfully submitted,

/s/ Robert A. Sacks
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
Tel.:  (310) 712-6600
Fax:   (310) 712-8800

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
333 West San Carlos Street, Suite 600
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
Tel.:  (650) 384-4688
Fax:   (650) 384-4701

*Attorneys for Plaintiff Advanced Messaging Technologies, Inc.*

Dated: Oct. 10, 2011                Respectfully submitted,

/s/ Thomas C. Lundin Jr.
Adrian M. Pruetz (SBN 118215)
ampruetz@pruetzlaw.com
Erica J. Pruetz (SBN 227712)
ejpruetz@pruetzlaw.com
Charles C. Koole (SBN 259997)
cckoole@pruetzlaw.com
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, California 90245
Tel:  (310) 765-7650
Fax:  (310) 765-7641

Holmes J. Hawkins III (Ga. Bar No. 338681)
hhawkins@kslaw.com
Thomas C. Lundin Jr. (Ga. Bar No. 461141)
tlundin@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street, N.E.

- 7 -                                 JOINT RULE 26(F) REPORT FOR
                                      SCHEDULING CONFERENCE

001\1739971.2
DMSLIBRARY01-17398144.1

Atlanta, Georgia 30309
Tel.: (404) 572-4600
Fax: (404) 572-5134

*Attorneys for Defendant EasyLink Services International Corporation*

- 8 -   JOINT RULE 26(F) REPORT FOR SCHEDULING CONFERENCE

001\1739971.2
DMSLIBRARY01-17398144.1