1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Brian R. England (SBN 211335)
   englandb@sullcrom.com
3  Edward E. Johnson (SBN 241065)
   johnsonee@sullcrom.com
4  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
5  Los Angeles, California 90067-1725
   Tel.:   (310) 712-6600
6  Fax:   (310) 712-8800

7  *Attorneys for Plaintiffs j2*
   *Global Communications, Inc. and*
8  *Advanced Messaging Technologies, Inc.*

9  Adrian M. Pruetz (SBN 118215)
   ampruetz@pruetzlaw.com
10 Erica J. Pruetz (SBN 227712)
   ejpruetz@pruetzlaw.com
11 PRUETZ LAW GROUP LLP
   200 N. Sepulveda Blvd., Suite 1525
12 El Segundo, California 90245
   Tel:   (310) 765-7650
13 Fax:   (310) 765-7641

14 *Attorneys for Defendant EasyLink*
   *Services International Corporation*
15

16
                **UNITED STATES DISTRICT COURT**
17
                **CENTRAL DISTRICT OF CALIFORNIA**
18

19
   ADVANCED MESSAGING              Case No.  11-4239 DDP (AJWx)
20 TECHNOLOGIES, INC.,

21                    Plaintiff,    **STIPULATED PROTECTIVE**
                                    **ORDER**
22 v.

23 EASYLINK SERVICES
   INTERNATIONAL
24 CORPORATION,

25                    Defendant.

26

27

28

The parties to this action stipulate to, and seek entry of, the following Protective Order:

1. "Confidential" information is information that, in good faith, a party believes to contain (a) proprietary or commercially sensitive information which is not publicly known and which its owner would not reveal to others except in confidence; (b) personal financial information; or (c) information that should otherwise be subject to confidential treatment under the Federal Rules of Civil Procedure. If a person producing information under this Order (the "Producing Person") designates information as "Confidential," the designated information shall be treated as Confidential unless successfully challenged under ¶ 11. When producing documents, the Producing Person shall mark each page containing Confidential information as "Confidential."

2. "Restricted Confidential" information shall be limited to information that, in good faith, a party believes to contain (a) current and past (to the extent they reflect on current) business planning and financial information; (b) trade secrets; (c) past or current company personnel or employee information; (d) source code; and (e) information concerning a party's sales or the design, structure or workings of a party's products or systems which would, if it became known to other parties, harm the competitive position of its owner. If a Producing Person designates information as Restricted Confidential under this Order, the designated information shall be treated as Restricted Confidential unless successfully challenged under ¶ 11. When producing documents, the Producing Person shall mark each page containing Restricted Confidential information as "Restricted Confidential."

3. Any Producing Person, whether or not a party to this action, may designate information as Confidential or Restricted Confidential under this Order.

/ / /

4.     When a document is designated as Confidential or Restricted Confidential, the designation includes not only the document so designated, but also any information derived from that document, and any copies, excerpts, summaries, or compilations thereof.

5.     A person receiving information under this Order (the "Receiving Person") shall use Confidential or Restricted Confidential information (together, "Protected Information") only to conduct this litigation or any other litigation involving EasyLink Services International Corporation ("EasyLink") and Advanced Messaging Technologies, Inc. ("AMT").

6.     By receiving information under this Order, all Receiving Persons agree to be subject to the jurisdiction of this Court concerning their use of Protected Information.  All receiving persons other than attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support service, shall sign an acknowledgment in the form attached hereto as Exhibit A, indicating that they have read and understood the terms of this Order and agree to submit to the jurisdiction of the Central District of California for enforcement of this Order.  Counsel for each party shall maintain all original acknowledgments, and will produce the same to the opposing party when so ordered by the Court.

7.     A Receiving Person may disclose Restricted Confidential information only to the following:

a.  outside litigation counsel retained by a party in this action or in any other litigation involving EasyLink and AMT, including attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support services;

b.  independent experts or consultants retained by outside litigation counsel;

2

c. any person giving testimony in this action at deposition, trial or hearing witnesses, but only if the person giving testimony is the creator, author or recipient of the Restricted Confidential information, provided that such persons may not retain any documents containing Restricted Confidential information provided to them at such deposition, trial or hearing;

d. the Court, its personnel and any court reporters involved in taking or transcribing testimony in this action; and

e. any other person by written agreement of the parties or by order of the Court.

Any person who receives Restricted Confidential information is prohibited from prosecuting, preparing, or having any substantive involvement with any patent application on behalf of any party to this action relating to e-mail to fax or fax to e-mail services, products, systems, or methods.

8.    A Receiving Person may disclose Confidential information only to the following:

a. persons listed in ¶ 7; and

b. any person giving testimony in this action at deposition, trial or hearing witnesses, but only for purposes of reasonable, material, and relevant testimony or preparation of such testimony in the litigation, provided that such persons may not retain any documents containing Protected Information; and

c. employees of the Receiving Person to whom disclosure is reasonably necessary for the management, supervision, or oversight of the litigation.

9.    Before a Receiving Person can share Protected Information received from another party in the litigation with an independent expert or consultant under ¶ 7.b, the Receiving Person shall provide the Producing Person written notice of its intention, which shall include the proposed expert's curriculum

3

1   vitae as well as a list of any previous or current relationship with any party to this

2   action.  If the Producing Person objects to the disclosure, it must send a written

3   objection, including a detailed explanation of its objection, that is received within

4   ten business days after the Producing Person's receipt of the written notice.

5   Absent a timely written objection, the Receiving Person may share Protected

6   Information with the independent expert.  If the Producing Person makes a timely

7   written objection, the Receiving Person shall not share Protected Information with

8   the independent expert until the objection is resolved by agreement or by the

9   Court.  If the parties cannot resolve this dispute, they may proceed under the Local

10   Rules addressing discovery disputes, with the Producing Person bearing the burden

11   of filing a motion and establishing good cause to support its objection.   A

12   producing party shall not seek discovery with respect to a consultant or other non-

13   testifying expert of a party who has received Protected Information, absent a Court

14   order pursuant to a motion made by the producing party.

15           10.    If not so designated in the transcript, deposition testimony shall

16   be deemed Restricted Confidential until thirty days following the reporter's

17   distribution of the final transcript.  During those thirty days, a Producing Person

18   may designate portions of the transcript under ¶ 1 or ¶ 2 by sending written

19   designations to all parties to this action.

20           11.    If a Receiving Person disagrees with a designation of

21   information under ¶ 1 or ¶ 2, it shall provide the Producing Person written notice of

22   its challenge.  If the parties cannot resolve this dispute, they may proceed under the

23   Local Rules addressing discovery disputes, with the Producing Person bearing the

24   burden of filing a motion and showing that the information is Confidential or

25   Restricted Confidential.  If the parties are not able to resolve the dispute, and the

26   Producing Person does not file a motion for Protective Order within thirty (30)

27   days of receipt of written notice, the information shall lose its designation of

28

4

SULLIVAN & CROMWELL LLP

Confidential or Restricted Confidential. Failure to challenge a designation immediately does not waive a Receiving Person's ability to bring a later challenge.

12. Source code designated "Restricted Confidential" and produced in electronic form shall be maintained in the sole custody and control of the Producing Person and shall be maintained, respectively, at the New York office of lead outside counsel for EasyLink (with respect to source code produced by EasyLink) and at the New York office of lead outside counsel for AMT (with respect to source code produced by AMT). The Parties may vary the location by mutual agreement. The source code shall be made accessible to outside counsel for the Receiving Person and their independent experts or consultants who are actively assisting in the litigation during normal business hours upon five (5) days advance notice of the review.

(a) The Producing Person shall make its source code available in electronic form—if it exists in such form -on a stand-alone, i.e., non-networked, standard personal computer with Microsoft Windows operating system installed in accordance with its standard installation processes. In the event that the source code to be produced does not exist in electronic form, the Producing Person shall so certify in writing and will meet and confer in good faith to make arrangements for the mutually-convenient review of such code;

(b) The Producing Person shall provide a dedicated, stand-alone printer connected to the computer used for source code review, and it shall be loaded with paper bearing pre-printed production control numbering. The Receiving Party's outside counsel and/or independent experts or consultants may print excerpts of the Restricted Source Code that they in good faith consider to be relevant to the claim or defense of any party and only to the extent necessary to perform his or her responsibilities in connection with the action. No more than 500 pages of hard copies of source code may be

5

1   printed, absent consent by the Producing Person (which consent shall not be

2   unreasonably withheld).  The originals of any printouts shall be provided to

3   counsel for the Producing Person on that same day.  The Producing Person's

4   counsel shall deliver copies of the printouts to the Receiving Person's

5   outside counsel within two (2) business days.  The printouts of source code

6   excerpts are to be maintained at all times in a secure location at the offices of

7   outside counsel for the Receiving Person and may be reviewed by experts,

8   consultants, and outside counsel only at outside counsel's offices.  The

9   printouts or any of the information contained in the hard copies shall not be

10   converted into an electronic format, without the express consent of the

11   Producing Person, which consent shall not be unreasonably withheld.

12        (c)    The Receiving Person's outside counsel and/or independent

13   experts or consultants shall be permitted to save, to a file on the hard drive

14   of the stand-alone computer used for source code review, excerpts of the

15   Producing Person's source code for storage or future potential printing.

16   Such file(s) shall be preserved by the Producing Person until the conclusion

17   of the Action.

18        (d)    Upon request by the Receiving Person, the Producing Person

19   shall work in good faith with the Receiving Person to provide software

20   and/or tools used by the Producing Person and their independent experts or

21   consultants who are actively assisting in the litigation to work with the

22   source code, to the extent lawful and feasible.  In the event that the

23   Receiving Person's outside counsel and/or independent experts or

24   consultants requests that any source code analytical software be installed on

25   the computer to be used for source code review, the Receiving Person's

26   outside counsel shall notify the Producing Person's counsel and provide a

27   copy of the source code analytical software to be installed.  The Producing

28   Person shall install such source code analytical software within three (3)

business days of the Receiving Person's request.  If the Producing Person objects to the installation of the requested source code analytical software requested and provided by the Receiving Person, the burden shall be on the Producing Person to promptly meet and confer and, if the issue cannot be resolved, to seek relief from the Court.  Further, if the Receiving Person's outside counsel and/or independent experts or consultants desires such analytical software to be installed or configured in a particular manner, counsel for the Receiving Person shall provide instructions to the Producing Person and the Producing Person shall make every reasonable effort to comply with the Receiving Person's request.  By way of example, such source code analytical software may include (but will not be limited to) text editors, such as emacs, Unix utilities, such as Grep, environments such as Visual Studio and Cygwyn and multi-file text search tools, Visual Slick Edit, Source-Navigator, PowerGrep and ExamDiff Pro, or similar programs.

(e)     All source code shall be produced for review in its native format and shall be in a form that is fully searchable, if possible.  If the source code does not exist in searchable form, the Producing Person shall provide a written explanation and will meet and confer in good faith to reach a reasonable accommodation for the efficient review of such code.

(f)     No source code produced pursuant to this Paragraph 12 shall be redacted, password protected, deleted, modified or otherwise concealed or withheld from review by the Receiving Person's outside counsel and/or independent experts or consultants.

13. If a Producing Person inadvertently fails to designate material as Protected Information at the time of production, it shall notify all Receiving Persons of its failure as soon as possible after discovery.  The Producing Person shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations.

7

14.    Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the Producing Person that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred.  Upon such designation, the Receiving Person promptly shall make best efforts to collect all copies of the documents and return them to the Producing Person.

15.    In the event that any Protected Information is used in any proceeding in connection with this litigation, it shall not lose its Confidential or Restricted Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

16.    To the extent that any Confidential or Restricted Confidential information subject to this Protective Order (or any pleading, motion, or memorandum referring to them) is proposed to be filed or is filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Restricted Confidential information, shall be presented to the judge (by the filing party) accompanied by an application to file under seal in accordance with the procedures set forth in Local Rule 79-5.1 and shall be marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL" on the outside of the sealing envelopes; such application shall be directed to the judge to whom the papers are directed. Pending a ruling on the application submitted in accordance with Local Rule 79-5.1, the papers or portions thereof subject to the application shall be lodged under seal.  However, only those portions of filings containing Confidential or Restricted Confidential information shall be filed under seal.  The filing party shall also file with the Court for regular filing a redacted version of any filing submitted under Local Rule 79-5.1 in which any Confidential and/or Restricted Confidential information shall be redacted.

17.     Nothing in this Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this Order, even if the same information is also produced under this Order.

18.     Nothing in this Order precludes any person from showing a document containing Protected Information to an individual who prepared or received the document, or from disclosing Protected Information to a current employee, officer or director of the Producing Person.

19.     No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c) and Local Rules 37-1 through 37-4.

20.     The Parties acknowledge and agree that nothing in this protective order is intended to be construed inconsistently with the rights and obligations of the Parties under Local Rules 37-1 through 37-4 governing cooperation during discovery, and that, in the event of any inconsistency, the procedures defined by the Local Rules shall govern.  If the Parties wish to file the Joint Stipulation (or portions thereof) required by Local Rule 37-2 under seal, the Parties may file a separate stipulation to that effect, or the moving party may file an *ex parte* application making the appropriate request.  The Parties acknowledge and agree that the stipulation or *ex parte* application must demonstrate good cause as to why the Joint Stipulation or portions thereof should be filed under seal.

/ / /

/ / /

/ / /

9

SULLIVAN & CROMWELL LLP

1       21.     Within sixty days of the termination of litigation between the

2   parties, all Protected Information shall be destroyed or returned to the Producing

3   Person, except that one designated outside litigation counsel of record for each

4   party may maintain in its files one copy of each deposition transcript, each

5   document filed with the Court, and each correspondence transmitted between

6   outside counsel for the parties to this action.

7    So **ORDERED and SIGNED** this 27th day of  October, 2011.

8

9   _____

10  HON. ANDREW J. WISTRICH
    UNITED STATES MAGISTRATE JUDGE

11

12  _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

SULLIVAN & CROMWELL LLP

**EXHIBIT A**

**<u>CERTIFICATE OF COMPLIANCE</u>**

I, _____ (print name), declare as follows:

I certify that I have received a copy of the Stipulated Protective Order ("Order") in the matter captioned <u>Advanced Messaging Technologies, Inc. v. EasyLink Services International Corp</u>. United States District Court for the Central District of California, Case No. CV-11-4239 DDP (AJWx), which governs the production and use of Protected Information in this case.  I have read and understand the Order.  I hereby acknowledge that I am bound by the Order, and I agree to abide by it.  I further understand that the Protected Information many only be used in strict accordance with the terms of the Order and then only for the prosecution and defense of this litigation.

I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Order, and I agree to subject myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.


_____
(Signature)

_____
(Print Name)

11

SULLIVAN & CROMWELL LLP