Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Brian R. England (SBN 211335)
englandb@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.:  (310) 712-6600
Fax:  (310) 712-8800

Frank L. Bernstein (SBN 189504)
fbernstein@kenyon.com
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
Tel.:  (650) 384-4700
Fax:  (650) 384-4701

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED MESSAGING TECHNOLOGIES, INC. AND j2 GLOBAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EASYLINK SERVICES INTERNATIONAL CORPORATION, <br><br> Defendant. | Case No. CV 11-4239 DDP (AJWx) <br><br> **PLAINTIFFS j2 GLOBAL, INC. AND ADVANCED MESSAGING TECHNOLOGIES, INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR SPOLIATION SANCTIONS AGAINST j2** <br><br> Date: November 19, 2012 <br> Time: 10:00 a.m. <br> Courtroom: 3 <br> Honorable Dean D. Pregerson |

Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc. (together, "j2") respectfully submit this Opposition to Defendant EasyLink Services International Corporation's ("EasyLink") Motion for Spoliation Sanctions Against j2.

## INTRODUCTION

EasyLink's motion seeks case-dispositive sanctions based on the demonstrably false allegation that j2 destroyed all source code for its Internet fax service prior to 2006. j2 did not destroy that source code. As counsel for j2 informed EasyLink and the Court on the record at the conference on October 24, j2 has located it. j2 has also informed EasyLink that the code is available for inspection in accordance with the terms of the stipulated Protective Order.

Putting aside whether j2 even had any obligation in the first place to preserve code during a time that long precedes any actual or contemplated litigation, there can be no spoliation, much less any basis for sanctions, when the requested code was not destroyed and when it has been made available to EasyLink during discovery. EasyLink rushed to file this ill-founded motion without having the meet and confer conference required by the local rules, ignoring the fact that discovery in this case is ongoing and j2's Rule 30(b)(6) witness testified during his not-yet-completed deposition that j2 was continuing to search for the requested source code (which has since been located), and when EasyLink itself has not completed the production of its own source code. Then, even when it was informed that the code had been located and was being produced, EasyLink and its counsel needlessly refused to put off this motion, insisting instead that j2 incur the expense of responding and the Court spend its time holding a hearing, before EasyLink has even bothered to review the source code that j2 is making available. EasyLink's motion should be denied.

# BACKGROUND

j2 (initially called JFAX until after the company became publicly traded) was founded in 1995 and began developing a service allowing users to receive voicemails and faxes as email attachments (its inbound service) and a service allowing users to send email attachments to be delivered to fax numbers (its outbound service). Although at times a struggling startup company, JFAX grew rapidly, relocating from New York to California and upgrading its data storage systems multiple times. Initially, JFAX source code developers saved source code on their own computers. (Declaration of Edward E. Johnson ("Johnson Decl.") Ex. A, Narasimhan Dep. at 68-72.) Eventually, JFAX had a server on which it saved source code, using the folders on that server to organize the saved code. (*Id.*) Even at that point, not all JFAX programmers stored the code they wrote on that server. (*Id.*)

At one point, JFAX/j2 used a software version control system called Virtual Source Safe, or VSS, to store its source code. j2 has located and restored the VSS server. (Declaration of Vince Niedzielski ("Niedzielski Decl.") ¶ 6.) Subsequently, j2 used a version control system called CVS. (Johnson Decl. Ex. B, Niedzielski Dep. at 84.) Since 2006, j2 has used a source code control product called Subversion. (*Id.*) When j2 moved to Subversion in 2006, the code in CVS was not transferred to Subversion because j2 did not have the ability to import it. (*Id.* at 85, 113.) The CVS system was not carried forward at that time, but backup copies had been made periodically. (*Id.* at 90-91.) j2 had a litigation hold in place at the time and, to the best of j2's knowledge, none of the code was destroyed. (Declaration of Jeff Adelman ("Adelman Decl.") ¶¶ 3-4.)

EasyLink contends that j2 was offering the patented invention more than a year before applying for the patents-in-suit. Accordingly, it requested j2's source code from the late 1990's, when j2 was just a start up. j2 conducted a diligent search, which its Rule 30(b)(6) witness described in June 2012. (Johnson

Decl. Ex. B., Niedzielski Dep. at 86-90.) As Mr. Niedzielski testified, j2 located backup tapes that appeared to contain early source code, and was actively trying to restore them at the time of the deposition. (*Id.* at 112-13.) This process was not complete at the time of the deposition, as Mr. Niedzielski made clear to EasyLink's counsel and the counsel of Open Text Corporation ("Open Text"), EasyLink's parent. (*Id.* at 112-13.)

At the end of its questioning of Mr. Niedzielski, EasyLink and Open Text's counsel stipulated on the record to suspend the deposition and resume it at a later time: "I believe that counsel have reached an agreement that we are going to suspend the deposition subject to—we are going to suspend the deposition and be able to continue our 30(b)(6) deposition and prior to that time we may have a meet and confer to discuss the—the topics but there—but as it stands right now, the entirety of the notice is still open for further discussion." (*Id.* at 115.) j2's counsel confirmed: "I think that's right. We will have a further meet and confer, Counsel. Certain—certain topics I think we agree on, certain we will have to talk about some more. But the topics for which Mr. Niedzielski was presented today will remain open." (*Id.*) Those topics specifically included j2's early source code as well as its efforts to locate it. Accordingly, EasyLink was on express notice that j2 was actively searching for additional data to produce.

Following the deposition, j2 continued to search for early source code and work to restore the backup tapes that were found. (Niedzielski Decl. ¶ 5.) j2 has now located the following repositories of pre-2006 source code:

- A VSS development server containing pre-2006 source code. (*Id.* ¶¶ 6-10.)
- Approximately 750 MB of data that was checked out from the VSS server, representing a partial snapshot of that server. (*Id.*)

- Archived folders that contain source code, including source code files from 1998, and some source code files from 1997 and 1996. (*Id.*)
- A 1997 source code file, similar to others in the archived folders, that was in the possession of a former j2 employee. (*Id.*)

In addition, j2 has identified a large number of backup tapes that may contain additional source code. (*Id.*)

EasyLink remained virtually silent about source code after the Niedzielski deposition, while j2 continued its search. On July 27, 2012, j2 learned for the first time that Open Text had hired one of j2's former lawyers to advise it in this litigation and that this lawyer had been conferring with Open Text and EasyLink's trial counsel. Promptly thereafter, j2 informed Open Text's counsel that it intended to bring a motion to disqualify them based on this conflict of interest. In response, Open Text asked that j2 hold off on moving to disqualify its counsel to give the parties a chance to mediate the case. j2 agreed to hold off on its motion. Five days before the mediation, for the first time, Open Text and EasyLink told j2 in passing that it intended to move for case-dispositive sanctions based upon the (incorrect) claim that j2 destroyed source code. It never discussed the substance or timing of that contemplated motion with j2's counsel. Six days later—the day after the mediation proved unsuccessful—EasyLink moved for sanctions without further conferring with j2's counsel. In the months from the adjournment of the j2 30(b)(6) deposition until that date, EasyLink's counsel never followed up on the status of the backup tapes that Mr. Niedzielski testified j2 was trying to restore. (Johnson Decl. ¶ 4.)

On October 24 and 25, 2012, j2 informed EasyLink that it had located source code and would make it available, and asked EasyLink to withdraw its motion. (Johnson Decl. Ex. C.) EasyLink has refused to do so. j2 has informed

-4-

EasyLink that the source code is available for inspection in accordance with the terms of the protective order, which requires each side to review the other's source code at the offices of the other side's counsel. (Protective Order, Dkt. No. 27 ¶ 12.)

## ARGUMENT

Spoliation is the willful destruction or failure to preserve evidence in pending or reasonably foreseeable litigation. *Zubulake* v. *UBS Warburg LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004). EasyLink argues that the Court should declare j2's patents unenforceable because j2 deleted, "in 2006, *all* of the source code it had created before that date." (Memo. at 10, emphasis added.) No such deletion occurred.

EasyLink's claim that j2's witnesses testified that code was deleted (much less intentionally deleted) is simply inaccurate. (Memo. at 14, 17.) One witness, Anand Narasimhan, testified that j2 had a source code repository in the late 1990's, but Mr. Narasimhan left j2 in 2000 and had no knowledge of what happened after that. (Narasimhan Dep. at 68-71, 105.) j2's Rule 30(b)(6) witness, Vince Niedzielski, testified, based on what his investigation had discovered at that time, that when j2 moved to a new repository in 2006, the old code was not moved over due to technical reasons and was not carried forward. (Niedzielski Dep. at 113-114.) But Mr. Niedzielski <u>did not testify that code was deleted</u> in 2006 or that the old source code does not exist—he merely testified that the old code had not been located. (*Id*. at 86-87; Niedzielski Decl. ¶ 5.) He went on to testify that the source code was periodically backed up, and that j2 had located and was trying to restore backup tapes that could contain old source code. (Niedzielski Dep. at 90-91.)

But EasyLink never followed up on that testimony. EasyLink never contacted j2 to ask about the backup tapes, or to ask whether j2 had located other source code. (Johnson Decl. ¶ 4.) Nor did EasyLink complete its Rule 30(b)(6)

-5-

deposition of j2, which was left open on the topic, among others, of j2's search for and retention of early source code. (Johnson Decl. Ex. B., Niedzielski Dep. at 115.) Instead, with discovery still open, EasyLink prematurely moved for case-dispositive sanctions based on the erroneous claim that no source code exists.[1]

In fact, the source code that EasyLink claims was destroyed exists and is available for EasyLink to review. As described above, j2 has located multiple sources of pre-2006 source code, including a repository that appears to contain source code from the late 1990's for both the inbound and outbound services offered by j2 at that time. (Niedzielski Decl. ¶¶ 6-10.) j2 also has located multiple backups and other copies that may contain source code from the late 1990's or early 2000's. (*Id.*) j2 has made these materials available to EasyLink for its review pursuant to the procedures set forth in the Protective Order.

There is no basis for sanctions based on spoliation of evidence when the evidence has not been destroyed or the requesting party has access to allegedly destroyed evidence. *See, e.g.*, *Orbit One Commc'ns. Inc.* v. *Numerex Corp.*, 271 F.R.D. 429, 431 (S.D.N.Y. 2010) (removal of a desktop and hard drive did not amount to spoliation because the information was preserved in other locations and the desktop was ultimately recovered and produced); *Sanders* v. *Beard*, No. 3:09-cv-1384, 2012 U.S. Dist. LEXIS 77655, at *6 (M.D. Pa. June 5, 2012) (denying motion for spoliation judgment when allegedly destroyed documents were produced); *Quinby* v. *WestLB AG*, 245 F.R.D. 94, 104 (S.D.N.Y. 2006) (finding no spoliation if documents are still retrievable); *Schmid* v. *Milwaukee Elec. Tool*

---

[1] Given that EasyLink is facing a motion to disqualify its counsel, it is a reasonable inference that EasyLink chose prematurely to bring and refuses to withdraw this motion to distract from the question of disqualification. There is no other rational explanation for EasyLink's rush to bring this motion without a proper meet and confer and months before the close of fact discovery, when EasyLink itself has not even completed production of its own source code, and when EasyLink knew that j2 was continuing to search for the requested code. There is even less justification for EasyLink's refusal to withdraw the motion after being informed that the source code had been located and was being made available for review.

*Corp.*, 13 F.3d 76, 79 (3d Cir. 1994) (refusing spoliation sanctions when opposing experts were afforded "visual access to the [evidence] prior to and immediately following disassembly"). Because j2 has located and will produce the evidence that EasyLink claims was destroyed, there is no basis for sanctions and EasyLink's motion must be denied.

## CONCLUSION

For the foregoing reasons, j2 respectfully requests that the Court deny EasyLink's Motion for Sanctions.

Dated: October 29, 2012                                Respectfully submitted,

/s/ Robert A. Sacks
───────────────────────
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
(650) 384-4700
(650) 384-4701 facsimile

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*