1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Brian R. England (SBN 211335)
   englandb@sullcrom.com
3  Edward E. Johnson (SBN 241065)
   johnsonee@sullcrom.com
4  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
5  Los Angeles, California 90067-1725
   Tel.:  (310) 712-6600
6  Fax:   (310) 712-8800

7  Frank L. Bernstein (SBN 189504)
   fbernstein@kenyon.com
8  KENYON & KENYON LLP
   1801 Page Mill Road, Suite 210
9  Palo Alto, California 94304-1216
   Tel.:  (650) 384-4700
10 Fax:   (650) 384-4701

11 *Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*

12

13                    **UNITED STATES DISTRICT COURT**

14                    **CENTRAL DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| ADVANCED MESSAGING TECHNOLOGIES INC. and j2 GLOBAL COMMUNICATIONS, INC., <br><br>             Plaintiffs, <br><br>    v. <br><br> EASYLINK INTERNATIONAL SERVICES CORPORATION, <br><br>             Defendant. | Case No. CV 11-4239 DDP (AJWx) <br><br> **PLAINTIFFS j2 GLOBAL, INC. AND ADVANCED MESSAGING TECHNOLOGIES INC.'S OBJECTIONS TO DECLARATION OF JUSTICE MORENO** <br><br> Judge:         Hon. Dean D. Pregerson <br> Courtroom:     3 <br> Date:          November 19, 2012 <br> Time:          10:00 a.m. <br><br> Fact Discovery Cutoff: Dec. 21, 2012 <br> Pretrial Conference:   Aug. 26, 2013 <br> Trial Date:            Sep. 17, 2013 |

Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively, "j2") hereby object to, and move to strike, the Declaration of Justice Carlos R. Moreno (Ret.) in Support of Defendant's Opposition to j2's Motion to Disqualify Perkins Coie and Compel Discovery ("Moreno Declaration").

## INTRODUCTION

It is well-established that experts may not offer legal opinions or conclusions. *See Van Winkle* v. *Crowell*, 146 U.S. 42, 49 (1892); *Nationwide Transp. Fin.* v. *Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); 33A Fed. Proc., L. Ed. § 80:283 (West 2012) ("an expert may not state his or her opinion as to legal standards, nor may he or she state legal conclusions drawn by applying the law to the facts."). Yet, the Moreno Declaration is little more than a legal brief and serves only to opine on legal standards and draw legal conclusions, which improperly invades the province of this Court. Indeed, dispelling any doubt that the Declaration is simply instructing the Court how to rule, Defendant's Opposition cites to the Declaration as support for the ultimate conclusion that the motion should be denied:

> j2's motion must therefore be denied. *See* Exhibit 1 (Declaration of Justice Carlos Moreno (Ret.).

(Opposition at 2.) Because Defendant offers the Moreno Declaration not to provide factual support for its arguments or to provide expert guidance regarding California's ethical rules, but to read the same cases that have been cited to the Court and tell the Court what those cases mean, the Declaration improperly usurps the Court's authority and should be stricken in its entirety.

In addition, after receiving this declaration, j2 requested the opportunity to depose Justice Moreno prior to having to submit its reply. Open Text summarily declined to make him available for examination. His declaration should be disregarded for that reason as well.

-1-

## ARGUMENT

The Moreno Declaration should be disregarded, excluded or stricken for at least two reasons.

*First*, it offers legal conclusions in direct contravention to longstanding rules prohibiting expert opinions on legal standards. Under Local Rule 7-7, a declaration submitted in support of a motion "shall contain only factual, evidentiary matter." The Moreno Declaration does not illuminate any factual or evidentiary matters. It offers only legal conclusions comprising an attempt to argue Defendant's Opposition. (Moreno Declaration ¶¶ 19-49.)

Moreover, the Federal Rules of Evidence indisputably prohibit experts from offering legal opinions or conclusions. *See Nationwide Transp.*, 523 F.3d at 1058 ("an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law") (internal citations omitted); *Hangarter* v. *Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (same); *Elsayed Mukhtar* v. *Cal. State Univ., Hayward*, 299 F.3d 1053, 1066, n.10 (9th Cir. 2002) (same), *modified by*, 319 F.3d 1073 (9th Cir. 2003); *Aguilar* v. *Int'l Longshoreman's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992); *Gable* v. *Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 833 (C.D. Cal. 2010) ("an expert cannot offer his legal opinion . . . such an analysis is the exclusive province of the Court"); *Ticketmaster Corp.* v. *Tickets.com, Inc.*, No. CV 99-07654 HLH (VBKx), 2003 WL 25781901, at *1 (C.D. Cal. Feb. 10, 2003) ("the sole source of the law for the jury is the judge, not the expert witness"); McCormick on Evidence § 12, at 31 (E. Cleary's Lawyer, 3d ed. 1984) ("expert legal testimony is inadmissible."). Courts have universally held that legal opinions or conclusions do not "assist the trier of fact to understand the evidence or to determine a *fact* in issue," as required by Fed. R. Evid. 702 (emphasis added).

For example, in *Aguilar*, an avowed expert in employment application interpretation asserted in a declaration that the movant interpreted a legal standard

-2-

incorrectly and provided his conclusion on the legal issue. 966 F.2d at 447. The Ninth Circuit affirmed the district court's determination that such testimony was "utterly unhelpful" and therefore inadmissible. *Id.* The Ninth Circuit reasoned that because legal standards are "matters of law for the court's determination," the statements in the expert's declaration were inappropriate subjects for expert testimony. *Id*.

The legal standard applicable to this motion, and the ultimate application of that standard to the facts as the Court finds them, are legal, not factual, issues. The Moreno Declaration characterizes and opines on what legal standards apply to this motion in the sections "Guiding Legal Principles," and "j2's Evidentiary Burden." (Moreno Declaration ¶¶ 19-29.) It continues by purporting to instruct the Court how to apply the law to factual assumptions set forth in the Declaration, many of which are manifestly erroneous and provided solely by Open Text.[1] (*Id.* ¶¶ 30-49.) These opinions improperly invade the province of this Court. *Aguilar*, 966 F.2d at 447; *Nationwide Transp.*, 523 F.3d at 1059.

*Second*, Defendant did not disclose the existence of Justice Moreno as an expert prior to filing its Opposition, in contravention of the requirements set forth in Fed. R. Civ. P. 26(a). Nor did Defendant provide the disclosures required under Rule 26 to permit the Court and j2 to properly evaluate the Declaration, such as the amount of money paid to Justice Moreno in connection with the Declaration, the amount of time he spent, and a list of the other cases Justice Moreno has testified in. Defendant also did not take any of the steps to qualify its expert as

---

[1] The Declaration is not based on "sufficient facts or data," as required by Fed. R. Evid. 702, providing an independent ground to strike it. For example, the Moreno Declaration states that "j2 has not submitted a declaration in support of its motion testifying to the nature of its relationship with Findley, his prior work on j2's behalf, the confidential information he may possess . . . ." (¶ 9.) Yet, j2 submitted detailed declarations from Frank L. Bernstein and Robert A. Sacks, specifically describing the amount and nature of the work that Clyde Findley performed in the course of his representation of j2 (Dkt. Nos. 77-2 and 77-3, respectively).

-3-

required under Fed. R. Evid. 702.  Finally, Defendant refused j2's request that Defendant make Justice Moreno available for a deposition in time for j2 to respond to Open Text's opposition, thereby depriving j2 of an opportunity to test Justice Moreno's assertions in a deposition and expose those flaws to the Court.  Indeed, j2 specifically requested that Open Text make Justice Moreno available for a deposition and, after initially ignoring j2's request, Open Text responded to j2's follow-up request by stating "no."  (*See* Exhibit A.)

## CONCLUSION

For the foregoing reasons, j2 respectfully requests that the Court exclude, disregard or strike the Declaration of Justice Moreno.

Dated:  November 5, 2012          Respectfully submitted,

/s/ Robert A. Sacks
Robert A. Sacks (SBN 150146)
Brian R. England (SBN 211335)
Edward E. Johnson (SBN 241065)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
(310) 712-6600
(310) 712-8800 facsimile

Frank L. Bernstein (SBN 189504)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, California 94304-1216
(650) 384-4700
(650) 384-4701 facsimile

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*