**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| j2 GLOBAL COMMUNICATIONS, INC., | § § § § | |
| Plaintiff, | § § § | |
| vs. | § § | NO. 6:08-cv-262 (LED) |
| CAPTARIS, INC., | § § | JURY DEMANDED |
| Defendant. | § § | |

**CAPTARIS, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO j2 GLOBAL COMMUNICATIONS, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the Eastern District of Texas, Defendant Captaris, Inc. ("Captaris") requests that Plaintiff j2 Global Communications, Inc. ("j2") in the above-captioned case produce and permit Captaris to inspect and copy each of the documents and things requested below, as set forth in Rule 34. Unless otherwise agreed, production is to be made at the offices of Loeb & Loeb LLP, 321 N. Clark Street, Suite 2300, Chicago, IL 60654, within thirty (30) days of service.

**DEFINITIONS**

1. "'688 patent" means United States Patent No. 6,597,688.

2. "'132 patent" means United States Patent No. 7,020,132.

3. "Captaris" means Captaris, Inc.

4. "j2," "you," and "your" means j2 Global Communications, Inc., together with all predecessors and/or successors thereto; all affiliated or related companies thereof; each division

Exhibit 2 Page 3

or subsidiary thereof; all parents thereof, whether wholly or partially owned; and all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of j2.

5. "j2 application" means (1) any U.S. or foreign patent application filed in connection with any of the patents-in-suit; and (2) any U.S. or foreign patent application that claims priority from any of the patents-in-suit, directly or indirectly, in whole or in part.

6. "j2 patents" mean all patents owned by or assigned to j2, including the '688 patent and the '132 patent.

7. "Patents-in-suit" mean the '688 patent and the '132 patent.

8. "Person" means any natural individual in any capacity whatsoever, or any business, legal, or governmental entity or organization, including divisions, subsidiaries, departments, and other units therein, and shall include any officers, agents, or employees thereof.

9. "PTO" means the United States Patent and Trademark Office.

10. Third party" means any party other than Captaris or j2.

11. "This litigation" means Civil Action No. 6:08-cv-262 (LED), pending in the District Court for the Eastern District of Texas.

## INSTRUCTIONS

The following instructions apply to these document requests:

1. If j2 claims that any document or thing responsive to any of the numbered requests below is privileged or immune from discovery as work product, or that any request is unanswerable in full for any reason, j2 shall answer the request to the extent to which it is not objected and explain the objection by providing a full identification of the withheld document, thing, or portion thereof, including:

  a) the date or dates appearing on such document or thing, or if no date appears thereon, the date (or approximate date) such document or thing was prepared;

  b) the identity of all persons who prepared, authored, signed, and/or received (including "blind copy" recipients) such document or thing, or who learned of its contents, including an identification of any affiliations of such persons with j2;

  c) the general nature of the document or thing (e.g., letter, photograph, etc.);

  d) a summary of its contents or its general subject matter;

  e) the specific grounds for not answering in full, including the nature of the privilege (e.g., attorney-client privilege, work product) or other rule of law relied upon to withhold the document or thing, and the facts supporting those grounds;

  f) the identity of each other document or other thing transmitted with or attached to the document or thing; and

  g) its present location and the identity of its current custodian.

2. Any purportedly privileged document containing nonprivileged matter must be produced, with the purportedly privileged portion excised. j2 shall identify the specific location on each page where matter has been excised.

3. If j2 is aware of any document or thing requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production by j2 for any reason whatsoever, j2 shall provide:

  a) a full identification of each such document or thing, including its author, addressee, recipient, date, and general type (e.g., letter, report);

  b) a summary of its contents or general subject matter;

c) the names, affiliations, and job titles of all persons who participated in preparing and/or signing the document or thing;

d) the date and manner of disposal;

e) the reason for disposal;

f) the identity of any person who has possession, custody, or control of a partial or complete copy of such document or thing; and

g) the identity of all persons who participated in and/or authorized the destruction or discarding or who have knowledge of the dates and circumstances surrounding the destruction or discarding.

## REQUESTS

1. All documents reviewed, relied upon, or consulted by j2 in making its decision to assert the '688 patent against Captaris.

2. All documents reviewed, relied upon, or consulted by j2 in making its decision to assert the '132 patent against Captaris.

3. All documents evidencing any analysis of the RightFax system conducted before filing this litigation.

4. All documents related to any correspondence or communication between j2 and any third party regarding this litigation.

5. All documents that have been disclosed or provided to any person from whom j2 expects to offer any declaration, affidavit or testimony in any trial, hearing, submission to the court or deposition in this litigation.

6. All documents that have been disclosed or provided to, or prepared by, any person retained by j2 in connection with this litigation.

7. All documents that j2 may use as an exhibit in any trial, hearing, submission to the court or deposition in this litigation.

8. All minutes or records of meetings of directors, officers, and employees of j2 where Captaris and/or the patents-in-suit were discussed, studied, analyzed and/or considered.

9. All documents related to the acquisition by j2 of each of the j2 patents.

10. All documents related to any licenses and/or offers for licenses for each of the j2 patents.

11. All documents sent to any third party notifying it of any of the j2 patents, and all subsequent related correspondence.

Exhibit 2 Page 7

12. All documents relating to any litigation or threatened litigation between j2 and any third party relating to any of the j2 patents.

13. All documents relating to any product or method for any third party that j2 believes may infringe any of the j2 patents.

14. All documents relating to the use of any of the j2 patents as an asset, including any valuations, studies and assessments performed by any third party.

15. All documents relating to the filing and/or prosecution of each of the patents-in-suit or any j2 application, including but not limited to:

    a. the preparation of any application, including without limitation any files of any attorney involved in the preparation or prosecution of any application;

    b. all draft applications and drawings;

    c. the decision to file any application;

    d. all documents submitted to or received from any foreign patent office or foreign representatives before a foreign patent office;

    e. internal correspondence and memoranda;

    f. correspondence with persons or entities not employed by j2; and

    g. any references considered in the preparation of any patent or application, whether or not cited to the PTO or any foreign patent office.

16. All prior art related to the patents-in-suit and/or any j2 application.

17. All publications authored by the named inventors of the patents-in-suit relating to facsimile technology.

18. All documents concerning the conception, reduction to practice and/or development of the invention(s) claimed in the patents-in-suit, including, but not limited to, inventor's notebooks, invention records, and invention disclosures.

19. All documents relating to any public disclosure, public use, offer for sale, and/or sale of j2's internet facsimile services before June 12, 1997.

20. All documents relating to any secondary consideration for non-obviousness of the alleged inventions described or claimed in the patents-in-suit, including but not limited to:

    a. all documents relating to any alleged satisfaction of a long felt need;

    b. all documents relating to any alleged failure by others to make, use, or implement the inventions;

    c. all documents relating to any alleged commercial success and/or any commercial failure;

    d. all documents relating to any alleged copying by others;

    e. all documents relating to any alleged unexpected results; and

    f. all documents relating to any alleged skepticism of skilled artisans.

21. All documents and things concerning any assertion by any third party that any claim of the patent-in-suit is invalid, not infringed, and/or unenforceable.

22. All documents concerning opinions of counsel concerning the infringement, validity, or enforceability of the patent-in-suit.

Dated: April 30, 2009

Respectfully submitted,

_____
Charles Ainsworth, TX Bar No. 00783521
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Furguson, Suite 1114
Tyler, Texas 75702
Tel: 903-531-3535 / Fax: 903-533-9687
Email: *charley@pbatyler.com*

Timothy J. Carroll (admitted *pro hac vice*)
Matthew F. Carmody (admitted *pro hac vice*)
Stacy A. Manning (admitted *pro hac vice*)
**LOEB & LOEB LLP**
321 North Clark Street
Chicago, Illinois 60654
(312) 464-3100

Attorneys For Defendant Captaris, Inc.