**EXHIBIT 7**

```
 1  Grant E. Kinsel (Bar No. 172407)
    gkinsel@perkinscoie.com
 2  PERKINS COIE LLP
    1888 Century Park East, Suite 1700
 3  Los Angeles, CA 90067-1721
    Telephone: 310.788.9900
 4  Facsimile:  310.788.3399

 5  Timothy J. Carroll (pro hac vice)
    tcarroll@perkinscoie.com
 6  Matthew F. Carmody (pro hac vice)
    mcarmody@perkinscoie.com
 7  PERKINS COIE LLP
    131 South Dearborn Street, Suite 1700
 8  Chicago, IL 60603
    Telephone: 312.324.8400
 9  Facsimile:  312.324.9400

10  Attorneys for Defendants CAPTARIS, INC.,
    and OPEN TEXT CORPORATION
11
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| j2 Global Communications Inc., and Advanced Messaging Technologies, Inc., | Case No. 09-4150-DDP (AJWx) |
|---|---|
| Plaintiffs, | **NOTICE OF VIDEOTAPED FED. R. CIV. P. 30(b)(6) DEPOSITION OF PLAINTIFF J2 GLOBAL COMMUNICATIONS, INC.** |
| v. | |
| Captaris, Inc., and Open Text Corporation, | |
| Defendants. | |

EXHIBIT 1  6-13-12

80040-0001/LEGAL23428131.1

NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION

Exhibit 7 Page 39

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Captaris Inc. and Open Text Corporation will depose plaintiff j2 Global Communications, Inc. ("j2"), through one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the areas of testimony specified herein. The deposition will be taken by stenographic means and by videotape for all purposes permissible under the Federal Rules of Civil Procedure and Local Rules of this Court. The deposition will commence at 10:00 a.m. on June 13th and June 14th, at the offices Sullivan & Cromwell LLP in Los Angeles, CA, or at such other place(s) and time(s) as may be agreed upon by the parties, and will continue from day to day until completed. The deposition will be taken upon oral examination before an officer authorized to administer oaths in the state in which the deposition will take place and will be recorded by a stenographer and videotaped.

In accordance with Fed. R. Civ. P. 30(b)(6), j2 is advised of its duty to designate in writing to Captaris and Open Text, at least one week prior to the deposition, the name(s) of the person(s) who will testify on j2's behalf concerning the areas of testimony specified herein, and for each person so designated, the matter(s) to which that designee will testify.

## DEFINITIONS

As used herein,

1. "Plaintiff," "j2," "you," or "your" shall mean Plaintiff j2 Global Communications, Inc., and all predecessors, successors, subsidiaries, divisions, parents, affiliates, and joint ventures thereof, past or present, merged, acquired, or otherwise, and other legal entities that are or were wholly or partially owned or controlled by j2, either directly or indirectly, and all past or present directors, officers, agents, employees, attorneys, and other persons acting on behalf of any of the aforesaid entities.

2. "Defendants" or "Captaris" shall mean Captaris Inc. or "Open Text" shall mean Open Text Corporation.

3. "Document" is synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. "Person" or "Entity" means any natural person or any business, legal, governmental, or non-governmental entity, organization, or association.

6. "Asserted Patents" refers to U.S. Patent Nos. 6,597,688 ("the '688 patent"), 7,020,132 ("the '132 patent"), 6,208,638 ("the '638 patent") and 6,350,066 ("the '066 patent").

7. "Claimed Subject Matter" refers to all products, services, systems, methods, processes, or any other subject matter or alleged inventions that j2 contends is covered by any claims of the Asserted Patents.

8. "Prior Art" shall have the same meaning as used in 35 U.S.C. § 101 *et seq.*, including without limitation all communications, documents and things related to the patentability of the Asserted Patents, including without limitation all patents and patent applications (both foreign and domestic), publications, and public knowledge related to the subject matter described or claimed in the Asserted Patents; any products or devices, either prototyped or offered for sale, that practiced or practice the subject matter described or claimed in the Asserted Patents; documents and things relating to any use of any subject matter claimed in the Asserted Patents, whether or not public and whether or not experimental or otherwise; documents and things relating to any attempt to sell or explore the market for or technical or commercial viability of any subject matter described or claimed in the Asserted Patents prior to the respective filing dates of the Asserted

1  Patents; and any Prior Art identified after the filing dates of the applications that led
2  to the issuance of the Asserted Patents or reissue certificates issued thereupon.
3      9. "Related Applications" refers to any patent application(s) that claims
4  priority to the Asserted Patents and any patent application(s) from which a claim of
5  priority has been made in the Asserted Patents, including any divisional(s),
6  continuation(s), CPA(s), or CIP application(s), any reissue(s), reexamination(s) or
7  extension(s) thereof, any foreign counterpart application(s), and any patent(s)
8  issuing from any of the foregoing.
9      10. "Third Party" refers to all persons, individuals, corporations,
10 partnerships and other entities of any kind that are not parties to this litigation,
11 including customers and investors, as well as all persons acting on behalf of such
12 third parties, including their directors, officers, employees, and attorneys.
13     11. "Action" refers to the captioned lawsuit, Case No. 09-4150-DDP
14 (AJW) in the U.S. District Court for the Central District of California.
15     12. "Related Proceedings" refers to any lawsuits, past or present, alleging
16 the infringement of any of the Asserted Patents.
17     13. The terms "concerning" and "concern" shall mean relating to, referring
18 to, describing, evidencing, constituting, embodying, containing, comprising,
19 indicating, identifying, discussing, reflecting, involving, illustrating, analyzing,
20 stating, identifying, dealing with, or otherwise pertaining to the referenced subject.
21     14. "Accused Products" shall refer to any products and/or services that j2
22 contends infringes the Asserted Patents, whether in this or any other matter.

                TOPICS UPON WHICH EXAMINATION IS REQUESTED

24     1. The factual bases for j2's belief that Captaris and Open Text has
25 infringed or is infringing the Asserted Patents and the identity of j2 employees or
26 other persons affiliated with j2 who have knowledge of this Topic.
27     2. The development of the alleged invention(s) disclosed and/or claimed
28 in the asserted claims of the Asserted Patent, including without limitation (a) the

conception and/or the reduction to practice of the alleged invention(s), (b) the date(s) of conception and first reduction to practice (actual or constructive), (c) the identity and role of all persons who contributed in any way to the conception and/or reduction to practice, (d) all facts showing any alleged diligence between the date(s) of conception and reduction to practice, and (e) all corroborating evidence thereof; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

3. All facts and circumstances concerning any search, analysis, investigation or opinion concerning the Asserted Patents and any Related Applications, including without limitation any search, analysis, investigation or opinion concerning patentability, unpatentability, enforceability, unenforceability, validity, invalidity, infringement, noninfringement, meaning, interpretation, construction or scope of the Asserted Patents or Related Applications; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

4. All facts and circumstances concerning any challenges, whether formal or informal, to the validity or enforceability of the Asserted Patents or Related Applications; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

5. All facts and circumstances concerning the Related Proceedings; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

6. All facts and circumstances concerning any actual, contemplated or proposed analysis, investigation or opinion regarding the monetary value of the Asserted Patents, any Related Applications, or any products allegedly embodying any claim of the Asserted Patents or Claimed Subject Matter; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

7. All facts and circumstances concerning reaction by the industry, the public, or any Third Party concerning the Claimed Subject Matter; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

8. The identity of, and all facts and circumstances concerning, any and all products or services, including without limitation Captaris and Open Text or Third Party products or services, whether or not currently offered or available, that j2 contends separately or jointly practice, infringe, or are or were covered by any claim(s) of the Asserted Patents; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

9. The identity of, and all facts and circumstances concerning, any product or service made, used, sold, offered for sale, licensed, or offered for license by or on behalf of j2 that embodies or uses any purported invention(s) disclosed, described, or claimed in the Asserted Patents; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

10. All facts and circumstances concerning the first public disclosure and/or offer for sale of any product or service made, used, sold, offered for sale, licensed, or offered for license by or on behalf of j2 that embodies or uses any purported invention(s) disclosed, described, or claimed in the Asserted Patents; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

11. All prototypes, precursors, or prior versions of the Claimed Subject Matter, or any portion of such respective Claimed Subject Matter, made in whole or in part by, on behalf of, or under the direction of, any of the inventors named in the Asserted Patents.

12. All facts and circumstances concerning any fax-to-email product or service made, used, sold, offered for sale, whether or not public and whether or not experimental or otherwise, before April 1, 1997; all documents concerning such

products or services; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

13. All facts and circumstances concerning any and all numbers provided or made available in any manner, whether or not public and whether or not experimental or otherwise, by j2 or anyone affiliated with j2 to any Third Party before April 1, 1997 for the use of a fax-to-email product or service, including without limitation number 1-212-253-4135 or 212-253-4135; the date any such number was provided or made available; the Third Party to whom the number was provided or made available; all documents and things related to the providing or making available of such number; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

14. All facts and circumstances, and all documents and things, concerning any Communications occurring before April 1, 1997, between a named inventor of the '638 Patent or anyone affiliated with j2 and any Third Party concerning numbers for use with a fax-to-email product or service; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

15. All facts and circumstances, and all documents and things, concerning any Communications occurring before June 12, 1998, between a named inventor of the '688 Patent or the '132 Patent or anyone affiliated with j2 and any Third Party concerning an email-to-fax product or service; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

16. All facts and circumstances, and all documents and things, concerning any application filed with the United States Patent and Trademark Office and/or any state registrar of trade names, trademarks, service marks, or logos, including without limitation U.S. Application No. 75/051,856, concerning the trade name, trademark, service mark, or logo JFAX, including without limitation all documents, advertisements, specimens, affidavits, or communications submitted in connection therewith; the products or services identified therein as being in commercial use

1  therein; and the identity of j2 employees or other persons affiliated with j2 who
2  have knowledge of this Topic.
3      17. Any j2 licensing policies, licensing practices, or marketing programs
4  concerning the Asserted Patents or any Related Applications, including without
5  limitation any policies or decisions not to license others to use the alleged
6  invention(s), to grant licenses only under certain conditions, or to make or to refuse
7  to make licenses available on reasonable and non-discriminatory terms; and the
8  identity of j2 employees or other persons affiliated with j2 who have knowledge of
9  this Topic.
10     18. All facts and circumstances concerning any actual, contemplated, or
11 proposed sales, assignments, licenses or other transfers of rights concerning the
12 Asserted Patents, any Related Applications, including without limitation (i) the
13 terms of any actual, contemplated or proposed agreements related thereto; (ii) any
14 related negotiations, whether or not ultimately successful; (iii) any persons to whom
15 such sales, licenses or other transfers of rights were made or attempted; (iv) the
16 revenues received from any such sales, licenses or transfers of rights; (v) the royalty
17 rates at which any licenses were granted; (vi) the revenue base of the products or
18 services at issue in such license; (vii) the volume of use and market share held by
19 the products or service at issue; (viii) all documents regarding any such actual,
20 contemplated or proposed sales, license or transfers of rights; and (ix) and the
21 identity of j2 employees or other persons affiliated with j2 who have knowledge of
22 this Topic.
23     19. All facts and circumstances concerning how and when j2 first became
24 aware of Captaris and Open Text and each Accused Product; any and all analyses,
25 examinations or investigations of each such Accused Product conducted by or for j2
26 prior to or since the initiation of this Action; and identification of documents and
27 persons with information relating to such analysis, examination or evaluation; and
28

80040-0001/LEGAL23428131.1        -7-

NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION

Exhibit 7 Page 46

the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

20. Any notice (whether actual or constructive) given by j2 to Captaris and Open Text of any alleged infringement of the Asserted Patents; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

21. All facts and circumstances concerning j2's marking, or refraining from marking, any product within the meaning of 35 U.S.C. § 287 with the number(s) of any Asserted Patents; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

22. All facts and circumstances concerning any and all Communications between j2 and any Third Party regarding potential or actual infringement of the Asserted Patents or Related Applications by any Third Party, including without limitation any cease and desist letters, offers to take a license, complaints, settlement negotiations and settlement agreements; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

23. The existence and location of documents relevant to the pleaded claims or defenses involved in this Action, including without limitation (i) the form in which the documents are maintained or destroyed in the ordinary course of business; (ii) the steps taken by j2 to identify, collect, and produce any such documents and all persons who participated therein; and (iii) the source, location, chain of custody and authenticity of all documents produced by j2 in this Action; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

24. j2's policies, practices, or procedures with respect to the retention and/or destruction of documents or things, including without limitation documents of, belonging to, maintained by, kept by, or destroyed by Romala's officers, that are currently in effect or were in effect at all other times relevant to this Action; and the

identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

25. All facts and circumstances concerning j2's contention that Captaris and Open Text willfully infringes any of the Asserted Patents, including without limitation the specific date that any alleged willful infringement commenced; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

26. All facts and circumstances concerning any pre-litigation contact between j2, Captaris and Open Text, including without limitation any and all Communications concerning patents, intellectual property, or licensing; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

27. All facts and circumstances concerning j2's knowledge, prior to or since the commencement of this Action, of any Prior Art to the Asserted Patents or Related Applications, including without limitation the identity of such Prior Art, the date on which it first became known to j2, the circumstances under which j2 became aware of such Prior Art, the identity of all persons known to j2 to have knowledge of this Prior Art, and all documents relating to such Prior Art; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

28. The preparation and prosecution of applications that led to the issuance of the Asserted Patents and any Related Applications in the United States Patent and Trademark Office or any foreign patent office, including without limitation the identity and role of all persons involved in said preparation and prosecution and the content and location of all documents Related to said preparation and prosecution; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

1  29.   All facts and circumstances concerning the amount of any lost profits
2  damages j2 may seek to recover in this Action, including without limitation (i) the
3  total amount of such damages; (ii) the method by which j2 computes such damages;
4  (iii) the underlying data used to compute such damages; and (iv) the identification
5  of all documents and individuals with information relating to such claims for
6  damages.
7  30.   All facts and circumstances concerning the amount of any reasonable
8  royalty damages that j2 may seek to recover in this Action, including without
9  limitation (i) the total amount of such damages; (ii) the method by which j2
10 computes such damages; (iii) the underlying data used to compute such damages,
11 including any royalty base or royalty rate; (iv) the identification of all documents
12 and individuals with information relating to j2's claims for damages in the form of
13 a reasonable royalty; and (v) the facts and circumstances j2 may rely upon to
14 support a claim for damages based upon a reasonable royalty, including without
15 limitation:
16      a.   The royalty rate and amounts paid or received by j2 under any
17 patent license, covenant not to sue, or other license or agreement;
18      b.   The nature, scope and terms of any agreements for technology
19 relating to the Asserted Patents;
20      c.   j2's established licensing policies;
21      d.   Any actual or projected consideration, profits or revenues
22 received for rights under the Asserted Patents, patents issuing from Related
23 Applications, or products embodying those patents;
24      e.   All facts and circumstances relating to any non-infringing
25 alternatives to the Asserted Patents;
26      f.   The alleged effect of using any of the Accused Products in
27 promoting sales of other products or services, including without limitation
28 the identification of any alleged derivative or convoyed sales;

g. The alleged utility and advantages of the Asserted Patents over old modes or devices that had been used for achieving similar results;

h. The portion of the profit, selling price or other monetary measure identified by j2 that should be attributed to each of the Accused Products' alleged use of the Asserted Patents;

i. Any royalty rates in the industry for licenses concerning the Claimed Subject Matter;

j. The royalty rate(s) j2 has received, has requested, or would request in connection with any patent license offered on reasonable and nondiscriminatory terms; and

k. The royalty base and royalty rate that j2 contends that a licensor and a licensee of the Asserted Patents would have agreed upon if both had been reasonably and voluntarily trying to reach an agreement at the time the alleged infringement began.

31. All facts and circumstances relating to the financial position of j2 on the date of issuance of the Asserted Patents and on each date on which j2 contends there would have been a hypothetical negotiation.

32. All facts and circumstances concerning j2's contention that it is entitled to injunctive relief, including without limitation any contention concerning (i) irreparable harm, (ii) absence of adequate remedy at law, (iii) the balance of hardships, and (iv) whether or not an injunction would be contrary to the public interest; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

33. j2's competitors; the market share held by j2, Captaris and Open Text, and other competitors in the market(s) for fax to email and/or email to fax product or services; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

34. All facts and circumstances, and documents and things, concerning j2's acquisition of any Third Party that was a defendant in a Related Action; and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

35. j2's responses to Captaris and Open Text's interrogatories, requests for the production of documents, or requests for admission, including without limitation j2's efforts to search for, collect, review, and/or produce documents or information responsive thereto or containing information from which responses thereto were or could be derived.

36. All facts and circumstances concerning j2's maintenance of source code created by any employee, agent or person acting on j2's behalf prior to June 12, 1998, and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

37. All facts and circumstances concerning the configuration and technical operation of any facsimile system operated by j2 prior to June 12, 1998, and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

38. All facts and circumstances concerning the configuration and technical operation of any facsimile system operated by efax.com prior to June 12, 1998, and the identity of j2 employees or other persons affiliated with j2 who have knowledge of this Topic.

39. All functions and/or elements of RightFax and FaxPress that j2 contends currently practices the asserted claims but were not present in versions of those same products that were available for sale prior to the application dates of the Asserted Patents.

40. All functions and/or elements of any Easylink product or service that j2 contends currently practices the asserted claims but were not present in versions

of that product or service available for sale prior to the application dates of the Asserted Patents.

41. The factual basis for j2's contention that Defendants willfully infringed the Asserted Patents.

42. The identity of any customer or user of RightFax that j2 contends is a direct infringer and the factual basis for j2's contention that the customer or user of RightFax practices the asserted claims.

43. The factual basis for j2's contention that Open Text induced the infringement of third parties and all facts and circumstances associated with any specific communication that j2 contends induced such infringement.

44. j2's belief as to the points of novelty for each of the Asserted Patents.

45. The factual basis for j2's contention that the doctrine of equivalents applies in this case and the identity of those elements of the asserted claims that j2 contends that Defendants have infringed under the doctrine of equivalents.

46. All facts and circumstances concerning the materials that j2 (either directly or through any agent, including counsel) provided to the United States Patent and Trademark Office in connection with either the prosecution or the re-examination of the Asserted Patents.

47. The factual basis for j2's contention that RightFax does not constitute invalidating prior art or an invalidating prior public use of the inventions claimed in the Asserted Patents.

48. The factual basis for j2's contention that products and services offered by Easylink and/or its predecessors do not constitute invalidating prior art or an invalidating prior public use of the inventions claimed in the Asserted Patents.

49. The factual basis for j2's contention that RightFax practices the elements of the asserted patent claims.

50. The factual basis for j2's contention that FaxPress practices the elements of the asserted patent claims.

```
 1 | June 1, 2012
 2 |                                    By: /s/ Timothy J. Carroll
 3 |                                    Grant Kinsel (Bar No. 172407)
                                        gkinsel@perkinscoie.com
 4 |                                    PERKINS COIE LLP
                                        1888 Century Park East, Suite 1700
 5 |                                    Los Angeles, CA 90067-1721
                                        Telephone: 310.788.9900
 6 |                                    Facsimile: 310.788.3399
 7 |                                    Timothy J. Carroll (pro hac vice)
                                        Matthew F. Carmody (pro hac vice)
 8 |                                    PERKINS COIE LLP
                                        131 South Dearborn Street, Suite 1700
 9 |                                    Chicago, IL 60603
                                        Telephone: 312.324.8400
10 |                                    Facsimile: 312.324.9400
11 |                                    Attorneys for Defendants
                                        OPEN TEXT CORPORATION and
12 |                                    CAPTARIS INC
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |
```

80040-0001/LEGAL23428131.1                    -14-

NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION

Exhibit 7 Page 53

# CERTIFICATE OF SERVICE

I am employed in Cook County, Illinois. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Perkins Coie LLP, 131 S. Dearborn Suite 1700, Chicago, Illinois 60603.

On June 1, 2012, I served the foregoing document entitled NOTICE OF RULE 30(b)(6) DEPOSITION on the interested parties in this action by electronic transmission.

| | |
|---|---|
| Robert A. Sacks<br>sacksr@sullcrom.com<br>Brian R. England<br>englandb@sullcrom.com<br>Edward E. Johnson<br>johnsonee@sullcrom.com<br>Sullivan & Cromwell LLP<br>1888 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone: 310.712.6600<br>Facsimile: 310.712.8800 | Frank L. Bernstein<br>fbernstein@kenyon.com<br>Kenyon & Kenyon LLP<br>1801 Page Mill Road, Suite 210<br>Palo Alto, CA 94304-1216<br>Telephone: 650.384.4688<br>Facsimile: 650.384.4701 |

*Attorneys for Plaintiffs j2 Global, Inc. and Advanced Messaging Technologies, Inc.*

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Dated: June 1, 2012

/s/Gabriela Fierro
Gabriela Fierro

80040-0001/LEGAL23428131.1

- 1 -

NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION

Exhibit 7 Page 54